Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 28 2014, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszynski & Moore
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DEANDREW RUSSELL,              )
                              )
    Appellant-Defendant,       )
                              )
      vs.               )   No.  79A04-1308-CR-389
                              )
STATE OF INDIANA,             )
                              )
    Appellee-Plaintiff.        )

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1108-FC-41

**May 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Deandrew Russell ("Russell") was tried in absentia and convicted of Criminal Confinement, as a Class C felony,[1] and Residential Entry, as a Class D felony.[2] He appeals, challenging his eight-year sentence for Criminal Confinement.[3] He presents the sole issue of whether that sentence is inappropriate. We affirm.

**Facts and Procedural History**

On July 29, 2011, Russell kicked in the door of the Lafayette, Indiana apartment shared by Jessica Dayhuff ("Dayhuff") and Bianca Sharp ("Sharp"). Russell, his sister, and a male companion burst in uninvited. Russell began to yell at Dayhuff and Sharp, accusing them of involvement in his cousin's murder earlier that evening and demanding answers to his questions. Dayhuff, too frightened to speak, remained silent. Sharp responded that she and Dayhuff were not involved, and she tried to explain to Russell that the perpetrators had already been arrested.

Unappeased, Russell kicked Dayhuff in the face. He ordered his sister to strike Dayhuff and she began to do so. Russell and the other male joined in beating Dayhuff, who curled into a ball on the sofa in an attempt to avoid some of the blows. The beating continued for "probably five to seven minutes." (Tr. 31.) Dayhuff sustained multiple facial fractures, affecting the nasal bone and the left maxillary bone. She also sustained multiple contusions.

---

[1] Ind. Code § 35-42-3-3.

[2] I.C. § 35-43-2-1.5.

[3] Russell does not challenge his concurrent three-year sentence for Residential Entry.

2

The trio left the apartment, after Russell admonished Dayhuff and Sharp to "watch their backs" because they would be killed. (Tr. 71.) The women obtained a cell phone from a neighbor and summoned police and ambulance assistance.

Dayhuff was able to identify Russell as one of her attackers. He was charged with Criminal Confinement, as a Class B felony, Residential Entry, as a Class D felony, and Battery, as a Class A misdemeanor. Russell did not appear for trial and was tried in absentia. The jury found him guilty of Criminal Confinement, as a Class C felony, and guilty of the other counts as charged. However, the trial court did not enter a judgment of conviction upon the battery count.

Russell was sentenced to eight years for the Class C felony conviction and three years for the Class D felony conviction, to be served concurrently. Six years were to be served in the Indiana Department of Correction and two years in community corrections. This appeal ensued.

## Discussion and Decision

A person who commits a Class C felony has a sentencing range of between two and eight years, with the advisory term being four years. I.C. § 35-50-2-6. As such, Russell received a maximum sentence. When imposing this sentence, the trial court considered Russell's lengthy history of misdemeanor convictions, his violation of probation, his flight while on pre-trial release, the brutality of the crime, and his history of employment and commitment to his family.

3

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant '"must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."' Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The nature of Russell's offense is that he confined Dayhuff on the sofa of her apartment while physically attacking her. Russell kicked Dayhuff in the face and repeatedly struck her. He instigated others to join in the attack. Ultimately, Dayhuff sustained multiple facial fractures and contusions.

Russell has a juvenile adjudication for an act that would be battery if committed by an adult. He also has a lengthy history of misdemeanors. On numerous occasions, he has failed to appear for court proceedings. He has had six petitions to revoke probation filed, with one revocation. When he was released to await trial in this case, he fled to Arkansas. He was arrested in that state, after having been tried in absentia in Indiana.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

## Conclusion

Russell's eight-year sentence, with two years to be served in community corrections, is not inappropriate.

Affirmed.

KIRSCH, J., and MAY, J., concur.